**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTOPHER JONES,

Plaintiff,

Case No. 2:26-cv-12232
Hon. Mark A. Goldsmith

v.

ELECTRICAL COMPONENTS INTERNATIONAL, INC., a Delaware corporation,

Defendant.

SOMMERS SCHWARTZ, P.C.
Tad T. Roumayah (P74081)
Alexis M. Amy (P88939)
*Attorneys for Plaintiff*
One Towne Square, Suite 1700
Southfield, Michigan 48076
(248) 355-0300
toumayah@sommerspc.com
aamy@somrnerspc.com

MADDIN HAUSER ROTH & HELLER P.C.
Robert M. Horwitz (P51466)
Mitchell D. Myers (P82917)
*Attorneys for Defendant*
One Towne Square, Fifth Floor
Southfield, Michigan 48076
(248) 351-7014
rhorwitz@maddinhauser.com
mmyers@maddinhauser.com

**DEFENDANT’S ANSWER TO THE COMPLAINT**

Defendant, Electrical Components International, Inc. ("ECI"), by and through its attorneys, Maddin Hauser Roth and Heller, P.C., and for its Answer and Affirmative Defenses to Plaintiff Christopher Jones’s (“Plaintiff”) Complaint, states as follows:

## RESPONSE TO PARTIES

1. Plaintiff, JONES, is an individual who resides in the City of Royal Oak, Oakland County, State of Michigan.

**ANSWER:** ECI admits only that Plaintiff represented to ECI during his employment that he resided in Royal Oak, Michigan, and is without information or knowledge sufficient to respond to the remaining allegations of paragraph one of the Complaint and leaves Plaintiff to his proofs.

2. Defendant, ECI, is incorporated in the State of Delaware and maintains its principal place of business in the City of Southfield, Oakland County, State of Michigan.

**ANSWER:** Admit.

## RESPONSE TO JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 et seq.

**ANSWER:** The allegations of paragraph three of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, ECI denies that it violated the Uniformed Services Employment and Reemployment

Rights Act, 38 U.S.C. § 4301 *et seq* (the "Act"), in connection with Plaintiff's employment and does not contest that this Court has federal question jurisdiction to adjudicate the claims under the Act.

4. This Court has personal jurisdiction over Defendant because Defendant conducts business within the State of Michigan and employed Plaintiff and other individuals within the State of Michigan.

**ANSWER:** The allegations of paragraph four of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, ECI does not contest that the Court has personal jurisdiction over it for purposes of this case.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant employed Plaintiff in this District, conducts business in this District, and the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

**ANSWER:** The allegations of paragraph five of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, ECI does not contest that venue is proper in this Court under 28 U.S.C. § 1391 based on Plaintiff's employment in this District and the business ECI conducts in this District, but ECI denies the remaining allegations of paragraph five of the

Complaint, including the actions and omissions Plaintiff attributes to it in the Complaint.

## RESPONSE TO GENERAL ALLEGATIONS

6. JONES is a forty-two-year-old hardworking man and diligent employee.

**ANSWER:** ECI admits only that Jones was born in 1983 and denies the remaining allegations of paragraph six of the Complaint.

7. JONES began his employment with ECI on March 31, 2025, as its Global Cybersecurity Engineer.

**ANSWER:** ECI admits only that Jones's first day of work with ECI was on March 31, 2025, and denies the remaining allegations of paragraph seven of the complaint, including Plaintiff's job title. Answering further, Plaintiff's job title was "Global Cybersecurity Services Engineer,"

8. At all times, JONES performed his position in an exemplary manner.

**ANSWER:** Deny.

9. ECI never provided JONES with any write-ups, warnings, or discipline.

**ANSWER:** Deny.

10. While at ECI, JONES reported to Scott Loney (IT Infrastructure and Operations Director).

**ANSWER:** Admit.

11. JONES has been a member of the United States military since 2010.

**ANSWER:** ECI is without information or knowledge sufficient to respond to how long Plaintiff has been a member of the United States military and leaves Plaintiff to his proofs.

12. JONES actively serves in the Michigan Air National Guard, which is a member of the United States Air Force ("USAF").

**ANSWER:** ECI admits only that on May 8, 2025, Plaintiff provided it with annual training deployment orders for the Michigan National Guard for the period of June 2, 2025 through June 6, 2025, and is without information or knowledge sufficient to respond to the remaining allegations of paragraph twelve of the Complaint and leaves Plaintiff to his proofs.

13. In April 2025, Mr. Jones informed ECI that he would be required to attend military training from June 2 through June 6, 2025.

**ANSWER:** ECI admits only that on May 8, 2025, Plaintiff provided it with an annual training deployment order for the Michigan National Guard for the period of June 2, 2025 through June 6, 2025, and denies the remaining allegations of paragraph thirteen of the Complaint and leaves Plaintiff to his proofs.

14. During the first week of May 2025, the USAF notified Mr. Jones that he would be deployed into active military service for six months beginning in September 2025.

**ANSWER:** ECI is without information or knowledge sufficient to respond to the allegations of paragraph fourteen of the Complaint and leaves Plaintiff to his proofs.

15. Upon receiving this information from the USAF, Mr. Jones promptly informed ECI, on or about May 5, 2025, of his scheduled deployment.

**ANSWER:** ECI admits only that on May 8, 2025, Plaintiff provided it with activity duty partial mobilization orders from the Department of the Air Force for an unknown period of time between September 2025 and May 2026, and denies the remaining allegations of paragraph fifteen of the Complaint.

16. After informing ECI of his upcoming military service obligations, JONES noticed that members of ECI's management stopped inviting him to meetings that he had previously attended on a regular basis.

**ANSWER:** ECI is without information or knowledge sufficient to respond to the allegations of paragraph sixteen of the Complaint concerning what Plaintiff did or did not notice, and denies the remaining allegations of paragraph sixteen of the Complaint.

17. Around this time, JONES also learned that Mr. Loney had begun excluding him from internal communications relevant to his position and job responsibilities.

**ANSWER:** ECI is without information or knowledge sufficient to respond to the allegations of paragraph seventeen of the Complaint concerning what Plaintiff learned and when, denies the remaining allegations of paragraph seventeen of the Complaint.

18. During a meeting on May 27, Mr. Loney chastised JONES for his alleged failure to respond to a work-related issue that arose on Saturday evening of Memorial Day Weekend, May 24.

**ANSWER:** ECI admits only that Mr. Loney and Plaintiff met on May 27, 2025, to discuss Mr. Loney's concerns with Plaintiff's overall job performance, including a work-related security issue that arose on May 24, 2025, and reaffirm the expectations for his position, and denies the remaining allegations of paragraph eighteen of the Complaint.

19. ECI had never before communicated to JONES that the company required him to immediately address work-related matters during the weekend and with no prior notice.

**ANSWER:** Deny.

20. JONES explained to Mr. Loney that ECI had not given him prior notice that he was expected to remain available to immediately respond to work matters over the Memorial Day Weekend.

**ANSWER:** Deny.

21. JONES also explained to Mr. Loney that he would not have been able to immediately address the work issue on May 24 because he was visiting his grandmother in the hospital.

**ANSWER:** Deny.

22. Mr. Loney disregarded JONES's explanation and claimed for the first time that ECI required JONES to be available "24/7" and that ECI had a concern with JONES's responsiveness to work-related matters outside normal business hours.

**ANSWER:** ECI denies all of the allegations of paragraph twenty-two of the Complaint, including that the explanation alleged in paragraph twenty-one of the Complaint was told to Mr. Loney.

23. JONES emphasized to Mr. Loney that ECI had not previously communicated the 24/7 availability requirement to him, but nevertheless, he would continue to monitor his emails and do so more closely in the evenings and on weekends.

**ANSWER:** ECI admits only that Plaintiff told Mr. Loney that he would monitor his emails more closely and denies the remaining allegations of paragraph twenty-three of the Complaint.

24. Later that day, Mr. Loney sent an email to JONES, titled "Cybersecurity Role Expectations" to summarize Mr. Loney and JONES's meeting.

**ANSWER:** ECI denies that Plaintiff sent the email identified in paragraph twenty-four of the Complaint on May 27, 2025. Answering further, ECI states that Mr. Loney sent an email with the subject line of “Cybersecurity Role Expectations" to Mr. Loney on May 28, 2025, and denies the remaining allegations of paragraph twenty-four of the Complaint that are inconsistent with or contrary to the contents of that email. Answering further, Mr. Loney’s email affirmatively raises, among other things, that Plaintiff implemented changes to critical systems without proper approval.

25. Mr. Loney's email erroneously summarized the meeting and listed "concerns" and "expectations" about JONES's position, some of which were not discussed during the meeting.

**ANSWER:** Deny.

26. Some of the concerns not addressed by Mr. Loney during the meeting included alleged problems with JONES's presence during the workday and "abuse" of flexible office hours.

**ANSWER:** Deny.

27. Mr. Loney's email also erroneously stated the JONES was not handling work messages, emails, and alerts when JONES was outside of the office.

**ANSWER:** Deny.

28. Shortly thereafter, JONES sent an email to Mr. Loney confirming receipt of Mr. Loney's email and correcting Mr. Loney's erroneous summary of the concerns and expectations.

**ANSWER:** ECI admits only that Plaintiff sent Mr. Loney an email dated May 28, 2025 at 1:33 p.m., in which in Plaintiff stated he wanted to "clarify one point regarding his schedule", and denies the remaining allegations of paragraph twenty-eight of the Complaint.

29. In JONES's email to Mr. Loney, JONES also agreed to continue working his normal hours and ensuring critical matters outside of normal business hours received timely attention.

**ANSWER:** ECI admits only that a portion of Plaintiff's email dated May 28, 2025 includes "I will continue to keep the agreed upon hours and ensure that critical escalations receive timely attention outside of normal business hours", and denies the remaining allegations of paragraph twenty-nine of the Complaint.

30. On June 2, JONES attended his required military training as directed by the USAF.

**ANSWER:** ECI is without information or knowledge sufficient to respond to the allegations of paragraph thirty of the Complaint and leaves Plaintiff to his proofs.

31. On June 9, JONES returned to work at ECI following his military training.

**ANSWER:** ECI admits only that Plaintiff returned to work on June 9, 2025, and is without information or knowledge sufficient to respond to the remaining allegations of paragraph thirty-one of the Complaint and leaves Plaintiff to his proofs.

32. On June 16, Mr. Loney requested that JONES attend a meeting with him and Gabriella Biundo (Senior Human Resources Specialist).

**ANSWER:** Deny.

33. During the meeting, Ms. Biundo informed JONES that the company was terminating his employment.

**ANSWER:** ECI admits only that Plaintiff was informed during a meeting on June 17, 2025 that his employment was being terminated and denies the remaining allegations, including any implication that this was the only thing discussed during that meeting.

34. At that time, Ms. Biundo claimed JONES's termination resulted from "poor performance."

**ANSWER:** ECI denies that the words in quotes in paragraph thirty-four were spoken by Ms. Biundo at the meeting on June 17, 2025, and denies the remaining allegations of paragraph thirty-four of the Complaint. Answering further, ECI affirmatively states that, consistent with its termination letter dated June 17, 2025, Plaintiff was told that he had not met the requirements of the role of Global Cybersecurity Services Engineer,

35. Ms. Biundo and Mr. Loney refused to identify which aspects of JONES's performance were "poor."

**ANSWER:** ECI denies that the words in quotes in paragraph thirty-four were spoken by Ms. Biundo at the meeting on June 17, 2025 and, for that reason, denies the allegations of paragraph thirty-five of the Complaint.

36. ECI terminated JONES's employment effective June 16, 2025.

**ANSWER:** Deny. Answering further, ECI terminated Plaintiff's employment on June 17, 2025.

## COUNT I: VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT, 38 U.S.C. 4301 et seq.

37. JONES incorporates Paragraphs 1 through 36 of this Complaint.

**ANSWER:** ECI repeats and incorporates its answers to paragraphs one through thirty-six of the complaint as if fully stated herein.

38. The Uniformed Services Employment and Reemployment Rights Act ("USERRA") prohibits employers from discriminating or retaliating against any individual who is a member of or has an obligation to perform service in a uniformed service. 38 U.S.C. § 4311.

**ANSWER:** The allegations of paragraph thirty-eight of the Complaint state a legal conclusions to which no response is required. To the extent a response is required, ECI denies the allegations to the extent they are inconsistent with or contrary to the requirements of the Act.

39. JONES is a member of a uniformed service and has an obligation to perform service in a uniformed service.

**ANSWER:** ECI admits only that Plaintiff was member of a uniformed service when he was employed with ECI and is without information or knowledge sufficient to respond to the remaining allegations of paragraph thirty-nine of the Complaint and leaves Plaintiff to his proofs.

40. ECI is an employer as defined by the USERRA. 38 U.S.C. § 4303(4)(A).

**ANSWER:** Admit.

41. JONES engaged in protected activity under the USERRA when he served as a member of a uniformed service and when he had an obligation to perform service in a uniformed service.

**ANSWER:** The allegations of paragraph forty-one of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, ECI admits only that on May 8, 2025, Plaintiff provided it with: (a) an annual training deployment order for the Michigan National Guard for the period of June 2, 2025 through June 6, 2025; and (b) activity duty partial mobilization orders from the Department of the Air Force for an unknown period of time between September 2025 and May 2026. Answering further, ECI is without information or knowledge sufficient to respond to the remaining allegations of paragraph forty-one of the Complaint and leaves Plaintiff to his proofs.

42. JONES promptly notified ECI that he had an obligation to perform service in a uniformed service.

**ANSWER:** ECI admits only that on May 8, 2025, Plaintiff provided it with: (a) an annual training deployment order for the Michigan National Guard for the period of June 2, 2025 through June 6, 2025; and (b) activity duty partial mobilization orders from the Department of the Air Force for an unknown period of time between September 2025 and May 2026. Answering further, ECI is without information or knowledge sufficient to respond to the remaining allegations of paragraph forty-two of the Complaint and leaves Plaintiff to his proofs.

43. Defendant violated Plaintiff's civil rights under USERRA by discriminating against him because of his membership and obligation to perform service in a

uniformed service and by retaliating against him for engaging in protected activity under the USERRA, which violations included but were not limited to:

a) Chastising JONES for not being promptly available for a work-related matter during a weekend evening, which requirement was not communicated prior to JONES notifying ECI of his upcoming military obligations.

b) Erroneously claiming JONES was not handling work-related matters outside of the office.

c) Setting forth erroneous concerns and expectations about JONES, including, but not limited to, that he was "abusing" flexible office hours.

d) Treating JONES worse than similarly situated employees who are not members of the uniformed services.

e) Terminating JONES's employment shortly after he attended his first military training obligation, and prior to his deployment.

**ANSWER:** ECI denies the allegations of paragraph forty-three of the Complaint, including subparts a-e.

44. If Plaintiff had not been a member of a uniformed service and did not have an obligation to perform service in a uniformed service, Plaintiff would not have been treated in the same manner.

**ANSWER:** ECI denies that Plaintiff was treated in the manner alleged in paragraph forty-four of the Complaint, including subparts a-e, and denies the remaining allegations of paragraph forty-four of the Complaint.

45. Defendant's reason for its adverse employment action against Plaintiff was pretextual in nature.

**ANSWER:** Deny.

46. Defendant knowingly and willfully engaged in intentional violations of the USERRA and further, acted with malice and/or with reckless indifference to Plaintiffs rights under the USERRA.

**ANSWER:** Deny.

47. As a direct and proximate result of Defendant's adverse actions, Plaintiff has suffered damages, including but not limited to loss of past and future income and employee benefits, costs, attorney fees, and interest.

**ANSWER:** Deny.

**MADDIN HAUSER ROTH & HELLER, P.C.**

*/s/ Robert M. Horwitz*
By: Robert M. Horwitz (P51466)
*Attorneys for Defendant*
One Towne Square, Fifth Floor
Southfield, MI 48076
(248) 351-7014
rhorwitz@maddinhauser.com

Dated: September 4, 2026

## AFFIRMATIVE DEFENSES

Defendant, Electrical Components International, Inc., ("ECI"), by and through its counsel, Maddin Hauser Roth and Heller, P.C., and for its Affirmative Defenses to the Complaint, states as follows:

1. Plaintiff's military service was not a factor, let alone a "motivating or substantial factor" in his termination of employment.

2. Plaintiff's claims are barred by the "same action" defense. ECI would have taken the "same action" against Plaintiff even if he had no military status or protected activity.

3. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's own wrongful or improper conduct.

4. To the extent Plaintiff has suffered any damages, which ECI denies, Plaintiff has not mitigated his damages.

5. ECI acted at all times in good faith toward Plaintiff.

6. To the extent ECI violated the Act, which it denies, any violation was not knowingly committed.

WHEREFORE, Defendant, Electrical Components International, Inc., respectfully requests that this Court dismiss the Complaint, in its entirety, with prejudice, and award such further relief as the Court may find necessary and just under the circumstances.

Respectfully submitted,

**MADDIN HAUSER ROTH & HELLER, P.C.**

*/s/ Robert M. Horwitz*
By: Robert M. Horwitz (P51466)
*Attorneys for Defendant*
One Towne Square, Fifth Floor
Southfield, MI 48076
(248) 351-7014
rhorwitz@maddinhauser.com

Dated: September 4, 2026

**PROOF OF SERVICE**

Catherine Werenicz hereby certifies that on the 4th day of September, 2026, she caused to be served the DEFENDANT'S ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES and this PROOF OF SERVICE via PACER CM/ECF electronic filing with the United States District Court, Eastern District of Michigan, Southern Division, which will provide electronic notice of this filing to all the counsel of record.

*/s/ Catherine Werenicz*
Catherine Werenicz